HERNÁNDEZ v. CABASSA ET AL.

APPEAL from the District Court of Humacao.

No. 264.—Decided May 28, 1908.

DEMURRER—ORDER—DISMISSAL OF APPEAL.—An order made by a judge sustain-
    ing a demurrer to the complaint is not appealable because it is not included
    among those enumerated in paragraph 3 of section 295 of the Code of Civil
    Procedure, and does not constitute a judgment according to the definition
    thereof contained in section 188 of the said Code.
ID.—DECISION AND OPINION.—Where in a decision of a demurrer an opinion is
    rendered, the trial court must confine his opinion to the matter in contra-
    versy—that is to say, the allegations of the demurrer—and render his decision
    thereon separately, stating that the defendants filing the demurrer prayed for
    judgment.

The facts are stated in the opinion.

· *Mr. Texidor* for appellant.

The respondent did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On September 3, 1907, Agustín Hernández Mena, assignee
of Margarita and Rosario García Hernández, filed a complaint
in the District Court of Mayagüez against Leopoldo Cabassa
y Pica and Antonio Cabassa, with the prayer that in due time
judgment be rendered against the defendants with the follow-
ing pronouncements: 1. Declaring the nullity of the proceed-
ing and civil action, No. 378, year of 1904, prosecuted in said
district court by Leopoldo Cabassa y Pica, for the recovery
of $2,178.09 against the Estate of Diego García Saint Laurent;
of the writ of execution issued to satisfy the judgment ren-
dered in said action, of the public sale held under such writ
of execution, and of the deeds executed by the marshal for the
purpose of effecting the sale of the property awarded to Leo-
poldo Cabassa y Pica; 2. Likewise declaring the nullity of the
payments made by Leopoldo Cabassa y Pica of the sums
covered by the notes mentioned in the complaint owed by
Diego García Saint Laurent, and also the nullity of the ac-
knowledgment of an account current made by Antonio Ca-

bassa; 3. Adjudging Leopoldo Cabassa to make restitution
to the Estate of Diego García Saint Laurent of the personal
and real property, subject of the public sale in aforesaid
action which were awarded to Leopoldo Cabassa, such restitu-
tion on the part of both defendants to comprise the fruits,
rents, products, and interest of said property from September
14, 1904, to the date the restitution is made; 4. Further ad-
judging both defendants, in case the restitution of the per-
sonal and real property with their fruits and interest should
not be possible to indemnify the plaintiff, representing the
rights of Margarita and Rosario García Saint Laurent, in the
sum of $2,000, the costs and expenses of the proceedings being
taxed against the defendants.

A number of facts are alleged in the complaint as consti-
tuting the causes of action exercised, and both defendants,
under the direction of different lawyers, demurred to said
complaint, Antonia Cabassa alleging a defect in the complaint
and a misjoinder of actions, and Leopoldo Cabassa y Pica
that the complaint did not state facts sufficient to constitute
a cause of action.

Said demurrers having been argued the judge of the lower
court delivered a written opinion on January 20 of the current
year, in which, after setting forth the grounds of the demur-
rers of the defendants, he stated:

"These demurrers were argued in open court by counsel for the
parties, the court having reserved judgment. On this date, after
having carefully considered the complaint and the demurrers thereto
as well as the oral arguments of the attorneys, it concludes that the
law is against the plaintiff and therefore holds that the three grounds
alleged should be, and the same are, sustained."

The judge continues setting forth the reasons why such
exceptions are tenable, and closes in the following terms:

"For the reasons stated the court is of the opinion that the com-
plaint should be dismissed with the costs against the plaintiff."

On the 28th of January aforesaid counsel for Agustín Hernández Mena filed with the secretary of the district court a notice of appeal from the decision of the court sustaining the demurrers filed to the complaint by the defendants and dismissing the complaint, and on March 11 he filed in the office of the secretary of the Supreme Court the transcript of the record for the decision of the appeal, the hearing on which was had on April 9 last, at which only the appellant appeared.

As will be seen from the foregoing statement, the appeal was taken from a decision of January 20, 1908, sustaining the demurrers to the complaint and dismissing said complaint.

We find in the record the opinion of the judge of the Mayagüez court which states at the beginning thereof that he must sustain, and does sustain, the demurrers on the three grounds alleged therein, and at the conclusion, that the complaint should be dismissed with the costs against the plaintiff.

The lower court should have confined its opinion to the matter discussed—that is, to the demurrers filed—and rendered a separate decision with regard thereto. It was not a proper moment to express an opinion on the judgment which should be rendered according to law, because to do so he should have waited until the defendants who had demurred had prayed for judgment in their favor.

Then it would have been proper to give an opinion on the merits of the matter and render the final decision in the form of a judgment.

We admit, in view of the terms of the opinion of the judge, that he rendered a decision on the demurrers filed; but such decision from its nature is not appealable, inasmuch as it is not one of those specified in subdivision 3 of section 295 of the Code of Civil Procedure, although in accordance with section 213 of the said Code, it must be deemed as accepted to, and therefore the same may be reviewed on appeal, it being a necessary condition therefor that the appeal be taken from the judgment.

In the present case there is no judgment, because the opinion of the judge to the effect that he should dismiss the complaint with the costs against the plaintiff, cannot be legally considered as such, according to the definition of a judgment contained in section 188 of the Code of Civil Procedure.

Such opinion may at the utmost and in a broad sense be a decision of the court, in accordance with which the judgment should have been entered pursuant to the provisions of section 227 of the aforesaid code.

As there is no real judgment appealed from, or no copy thereof having come up with the record, we have no basis on which to discuss and decide the appeal taken, and therefore it should be dismissed with the costs against the appellant.

*Dismissed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.